IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTHAMA PHUEKTONG, | ) | Civil Action No. 2:25-cv-898 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LA ROCHE UNIVERSITY, | ) | |
| and WEST PENN ALLEGHENY | ) | |
| HEALTH SYSTEM, INC, d/b/a | ) | |
| ALLEGHENY GENERAL HOSPITAL | ) | |
| and d/b/a FORBES HOSPITAL, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, PATTHAMA PHUEKTONG, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendants of the Plaintiff's rights, and in particular, the right to be free from racial discrimination and discrimination based on her national origin. This action is brought against the Defendants for violating the Plaintiff's rights under Title VI of the Civil Rights Act of 1964, Section 42 U.S.C. 2000d et seq.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

4. Plaintiff, Patthama Phuektong, is an adult Asian female individual. Plaintiff's national origin is Thailand. At all times relevant to this Complaint, Plaintiff was a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Plaintiff was a permanent resident of the United States of America and held a Permanent Resident Card.

5. Defendant, La Roche University ("University"), is private university with administrative offices located at 9000 Babcock Boulevard, Pittsburgh, Pennsylvania 15237. Plaintiff believes, and therefore avers that Defendant University receives federal funds.

6. At all times relevant hereto, Defendant University was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

7. Defendant, West Penn Allegheny Health Systems, Inc. ("Hospital"), d/b/a Allegheny General Hospital, and d/b/a Forbes Hospital, is a nonprofit corporation with a registered address of 120 Fifth Avenue, Pittsburgh, Pennsylvania 15222. Plaintiff believes, and therefore avers that Defendant Hospital receives federal funds.

8. At all times relevant to this Complaint, Defendant Hospital employed individuals at Allegheny General Hospital ("AGH"), located at 320 East North Avenue, Pittsburgh, Pennsylvania 15212, and Forbes Hospital ("Forbes"), located at 2570 Haymaker Road, Monroeville, Pennsylvania 15146.

9. At all times relevant hereto, Defendant Hospital was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment, including, but not limited to, employees at AGH and Forbes.

10. At all times relevant to this Complaint, Defendant Hospital held a contract with Defendant University to provide education and clinical instruction at its locations, including, but not limited to AGH and Forbes, to students of Defendant University's Doctor of Nurse Anesthesia Practice ("DNAP") program as a requirement of that program.

## FACTUAL ALLEGATIONS

11. Plaintiff is an Asian female individual and her national origin is Thailand.

12. English is Plaintiff's second language. Plaintiff does not have difficulty speaking, reading, understanding and/or communicating in English, including, but not limited to, English in a medical setting.

13. In or about September, 2022, Plaintiff enrolled as a student of Defendant University's DNAP program.

14. Plaintiff believes, and therefore avers, that Defendant University receives federal funds.

15. Throughout the Plaintiff's education with Defendant University, Plaintiff was in excellent academic standing and was awarded nurse anesthesia scholarships.

16. At the time of Plaintiff's unlawful dismissal from the DNAP program, as more fully described hereinafter below, she had a 3.9 grade point average.

17. At all times relevant to this Complaint, Defendant Hospital held a contract with Defendant University to provide education and clinical instruction at its locations, including, but not limited to AGH and Forbes, to students of Defendant University's DNAP program as a requirement of that program.

18. Plaintiff believes, and therefore avers, that Defendant Hospital receives federal funds.

19. In or about January, 2024, Plaintiff began clinical rotations with Defendant Hospital in order to complete the DNAP program, per the aforementioned contract between Defendant Hospital and Defendant University.

20. Throughout Plaintiff's clinicals at Defendant Hospital's facilities, including, but not limited to, AGH and Forbes, Plaintiff experienced discrimination based on her race, Asian, and/or her national origin, Thailand.

21. Throughout Plaintiff's education with Defendant University and Defendant Hospital's facilities, Plaintiff was subjected to a higher level of scrutiny than similarly situated Caucasian students and/or American students.

22. Plaintiff believes, and therefore avers, that her performance during clinicals with Defendant Hospital was overly scrutinized based on her race, Asian, and/or her national origin, Thailand.

23. On or about June, 2024, Plaintiff received a negative evaluation from Defendant Hospital's clinical preceptor at Forbes, Emma Holden ("Holden").

24. Plaintiff believes, and therefore avers, that Ms. Holden is a Caucasian individual and an American citizen.

25. Ms. Holden falsely alleged that Plaintiff was not performing at the "expected level" in the aforementioned evaluation. Ms. Holden also included false statements in the evaluation that there were "communication issues" and a "language barrier" with the Plaintiff.

26. Plaintiff believes, and therefore avers, that Ms. Holden's evaluation was pretextual and unworthy of belief. Plaintiff does not have difficulty speaking, reading, understanding and/or communicating in English, including, but not limited to, in a medical setting.

27. Plaintiff believes, and therefore avers, that she received a negative evaluation from Ms. Holden based on her race, Asian, and/or her national origin, Thailand.

28. On or about July 31, 2024, Plaintiff received a negative evaluation from Defendant Hospital's clinical director at AGH, Helena Knapp ("Knapp").

29. Plaintiff believes, and therefore avers, that Ms. Knapp is a Caucasian individual and an American citizen.

30. In the aforementioned evaluation, Ms. Knapp made unsubstantiated claims that there were alleged safety concerns regarding Plaintiff and that Plaintiff had difficulty retaining information. Ms. Knapp's evaluation also included the statement that the Plaintiff had "the obstacle of English as her second language."

31. Ms. Knapp's comments, as described above, are pretextual and unworthy of belief.

32. Plaintiff does not have difficulty speaking, reading, understanding and/or communicating in English, including, but not limited to, in a medical setting.

33. Plaintiff believes, and therefore avers, that Ms. Knapp made those statements based on her race, Asian, and/or her national origin, Thailand, as evidenced by Ms. Knapp's comments regarding Plaintiff's English skills.

34. On or about August 8, 2024, Defendant University's program director, Christine Wittebort ("Wittebort"), dismissed Plaintiff from the DNAP program.

35. Ms. Wittenbort's reason for Plaintiff's dismissal included a false allegation that the Plaintiff engaged in an unsafe clinical practice.

36. The aforementioned alleged unsafe clinical practice was that the Plaintiff administered an unsafe dosage of medication to a patient during her clinical. That allegation was, and is, patently

false. Plaintiff gave the patient a safe dosage of the medication per the American Association of Nurse Anesthesiology Practice Guideline and did not administer an unsafe dosage.

37. Patient records reflect that the Plaintiff gave a safe dosage of the medication.

38. Ms. Wittenbort also falsely alleged that there were communication issues with the Plaintiff's English. That allegation was, and is, false. Plaintiff does not have difficulty speaking, reading, understanding and/or communicating in English, including, but not limited to, English in a medical setting.

39. Ms. Wittenbort alleged that Defendant Hospital would not allow Plaintiff to return to AGH to complete her clinicals due to Plaintiff's alleged safety issues.

40. The reasons provided to the Plaintiff by Defendant University and Defendant Hospital are pretextual and unworthy of belief.

41. Plaintiff believes, and therefore avers, that Defendant University and/or Defendant Hospital placed the Plaintiff under a higher level of scrutiny than similarly-situated Caucasian students and/or American students.

42. Plaintiff believes, and therefore avers, that she was dismissed from the DNAP program based on her race, Asian, and/or her national origin, Thailand.

43. Plaintiff believes, and therefore avers, that she was not permitted to return by Defendant Hospital based on her race, Asian, and/or her national origin, Thailand.

44. Plaintiff appealed her dismissal from the DNAP program.

45. However, Plaintiff believes, and therefore avers, that Defendant University did not follow the proper appeal process.

46. On or about September 20, 2024, Plaintiff received a letter from Defendant University stating that Defendant University would uphold Plaintiff's dismissal.

47. Plaintiff believes, and therefore avers, that she was not afforded the proper appeal process by Defendant University based on her race, Asian, and/or her national origin, Thailand.

48. Additionally, Defendant University required Plaintiff to take an "English as a second language" course prior to reapplying for the DNAP Program. This is not a requirement by Defendant University for Caucasian and/or American students. Plaintiff does not have difficulty speaking, reading, understanding and/or communicating in English.

49. As a result of the Defendants' illegal conduct, as described hereinbefore above, Plaintiff was unable to complete the DNAP program and was unable to receive her professional license in the field of nurse anesthesia.

COUNT I:

PLAINTIFF v. DEFENDANTS UNIVERSITY and HOSPITAL

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. 2000d et seq.

TITLE VI

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiff is an Asian individual and Plaintiff's national origin is Thailand.

52. Plaintiff believes, and therefore avers, that Defendant University receives federal funds.

53. Plaintiff believes, and therefore avers, that Defendant Hospital receives federal funds.

54. At all times relevant to this Complaint, Defendant Hospital held a contract with Defendant University to provide education and clinical instruction at its locations, including, but not limited to AGH and Forbes, to students of Defendant University's Doctor of Nurse Anesthesia Practice program as a requirement of that program

55. As more fully described hereinbefore above, Plaintiff was continuously subjected to discrimination based her race and/or her national origin, in that Plaintiff was subjected to increased scrutiny, removed from clinicals by Defendant Hospital and dismissed from the DNAP program by Defendant University based on her race and/or her national origin.

56. As a direct and proximate result of the Defendants actions, as more fully described hereinbefore above, Plaintiff was unable to finish the DNAP program and was unable to obtain a professional license in the field of nurse anesthesia.

57. The reasons provided by the Defendants for Plaintiff's dismissal are pretextual and unworthy of belief.

58. As described hereinbefore above, Defendants falsely alleged that Plaintiff administered an unsafe dosage of medication to a patient. That allegation was, and is, patently false.

59. As a direct and proximate result of the acts described hereinbefore above, perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

   a. violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964;

   b. Plaintiff's ability to complete her academic studies and obtain her professional license was permanently impaired;

   c. damage to Plaintiff's professional reputation;

   d. economic damages related to any and all other consequential costs;

   e. emotional distress; and

   f. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; and such other relief, including injunctive relief, re-admission to Defendant University's DNAP program, and/or declaratory relief, as this Court may deem proper.

    JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: June 27, 2025